**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 19-03021-01-CR-S-BCW |
| JACOB WINTERHAWK RYDER, | |
| Defendant. | |

**MOTION OF THE UNITED STATES FOR PRETRIAL
DETENTION HEARING PURSUANT TO TITLE 18,
UNITED STATES CODE, SECTION 3142(f)**

The United States of America, by the United States Attorney for the Western District of Missouri, hereby moves that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(e) and (f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the offense of possession with intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5845(a), 5861(d), and 5871;

2. The defendant poses a risk to the safety of others in the community; and

3. The defendant is a risk to fail to appear for court.

**SUPPORTING SUGGESTIONS**

Subsection 3142(f)(1)(C), of Title 18, United States Code provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of

conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment for 10 years or more is possible. In this case, the defendant is charged with possession with intent to distribute 50 grams or more of methamphetamine actual, a crime for which a term of not less than 10 years and not more than life in prison is possible.

In addition, subsection 3142(f)(1)(E), of Title 18, United States Code provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the government moves for such a hearing, and the defendant is charged with any felony that is not otherwise a crime of violence that involves the possession or use of a firearm. In this case, the defendant is charged with possession of a firearm in furtherance of a drug trafficking crime and possession of an unregistered firearm, both of which are crimes that involve the possession or use of a firearm.

Section 3142(e) and (f)(1) provide a presumption that a defendant will not appear for subsequent court appearances that arise if the offense is one enumerated under the Controlled Substance Act as referred to above, or if the offense is one under Title 18, United States Code, Section 924(c). Under the Bail Reform Act there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the government's case, and the penalty which conviction could bring. *See Apker*, 964 F.2d at 744; *See also United States v. Soto Rivera*, 581 F.Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979).

2

Case 6:19-cr-03021-BCW   Document 8   Filed 02/26/19   Page 2 of 5

As set forth above, the defendant has been charged with a Controlled Substance offense carrying a statutory sentencing range of not less than 10 years' and not more than life imprisonment. In addition, the defendant has been charged with an offense arising under Title 18, United States Code, Section 924(c). Accordingly, the Government suggests that upon a showing that there exists probable cause that the defendant committed the offenses referred to in the Indictment, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988). In addition, the Government submits that the defendant poses a risk to community safety because of his possession of multiple firearms while engaged in the distribution of methamphetamine, a practice inherently dangerous to community safety.

To further support the Government's contention that the defendant is a risk to the safety of the community and a risk to flee, the Government offers that: On or about January 21, 2016, the defendant possessed over 375 grams of actual methamphetamine and three loaded firearms, including a stolen 9 mm semi-automatic pistol, a .380 caliber pistol, and a sawed-off shotgun not registered to him in the National Firearms Registration and Transfer Record. At the time of his arrest, the defendant had, in his left outer jacket pocket, two yellow-in-color 20 gauge shotgun shells that were an identical match, brand, color, and gauge to the shotgun shell located inside the sawed-off shotgun.

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

          Respectfully submitted,

          TIMOTHY A. GARRISON
          United States Attorney

By   */s/ Jessica R. Keller*
       Jessica R. Keller
       Missouri Bar No. 69322
       Special Assistant United States Attorney
       901 St. Louis Street, Suite 500
       Springfield, Missouri 65806-2511

## Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was delivered on February 26, 2019, to the CM/ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Jessica R. Keller*
Jessica R. Keller
Assistant United States Attorney